UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SD-3C, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUN RIXIN, et al.,<br><br>　　　　　Defendants. | Case No. 12-cv-00407-JST<br><br>**ORDER DIRECTING PLAINTIFFS TO SEEK INDIVIDUAL DEFENDANTS' DEFAULT**<br><br>Re: ECF Nos. 114, 115 |

　　　　Before the Court is Judge Grewal's Report and Recommendation that Summary Judgment Be Granted as to the Individual Defendants in this case.  ECF No. 114.

　　　　This action was originally assigned to Magistrate Judge Paul S. Grewal for resolution.  But because certain individual defendants never appeared in the case, and those defendants never consented to jurisdiction before a magistrate judge.  Accordingly, when Judge Grewal entered summary judgment in Plaintiff's favor as to the consenting defendants, he also issued a report and recommendation that summary judgment be entered as to the individual, non-consenting defendants.  ECF Nos. 114.  Judge Grewal then ordered that the case be reassigned to a district court judge for resolution as to the non-consenting defendants.  ECF No. 115. Although Rule 56 of the Federal Rules of Civil Procedure permits the court to enter summary judgment against a defendant before she has answered the complaint, courts generally hesitate to embrace this approach unless it is clear that an answer cannot raise a genuine issue of material fact.  C. P. Jhong, Annotation, Propriety of entering summary judgment for plaintiff before defendants files or serves answer to complaint or petition, 85 A.L.R.2d 825 §§ 1, 2(a) (originally published in 1962) ("where there are several defendants against whom plaintiff seeks a summary judgment, the fact that an answer has been served by one of them does not entitle the plaintiff to judgment as against the others who have not answered"); see, e.g., Peoples Bank v. Fed. Reserve

1  Bank of S.F., 58 F. Supp. 25, 27 (N.D. Cal. 1944) ("It is clear that, under Rule 56(a) of the Federal
2  Rules of Civil Procedure, . . . a party seeking to recover upon a claim or to obtain declaratory
3  relief may move for summary judgment in his favor only after a pleading responsive to the
4  complaint has been filed."); but cf. Gifford v. Travelers Protective Ass'n of Am., 153 F.2d 209,
5  210-11 (9th Cir. 1946) (permitting entry of summary judgment against a non-answering plaintiff
6  because there was no question of fact relating to whether the lawsuit was filed within the statute of
7  limitations).

       Here, because the individual, non-appearing defendants have not filed answers to the complaint, and because the Court does not conclude that answers could not raise a genuine issue of material fact, the Court finds that the best course of action is to require Plaintiff to seek default against the individual defendants.

       Accordingly, the Court hereby orders Plaintiff to file a motion for entry of default by the Court Clerk pursuant to Federal Rule of Civil Procedure 55(a).  Once default is entered, Plaintiff may file a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b).  Plaintiff shall file its motion for entry of default within fourteen days of the date of this order.

       IT IS SO ORDERED.

Dated:  April 1, 2015

                                                                        JON S. TIGAR
                                                                United States District Judge