UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SD-3C, LLC,

    Plaintiff,

  v.

SUN RIXIN, et al.,

    Defendants.

Case No. 12-cv-00407-JST

**ORDER ENTERING DEFAULT JUDGMENT AGAINST INDIVIDUAL DEFENDANTS**

Re: ECF No. 122

Before the Court is Plaintiff's Motion for Default Judgment Against Defendants Sun Rixin, Zhou Zhengxian, Lu Wei, and Xu Linxian ("Individual Defendants"). ECF No. 122. The Individual Defendants have not opposed the motion. For the reasons set forth below, the Court will grant the motion.

## I.   BACKGROUND[1]

Beginning in 2006, Plaintiff licensed patents and related intellectual property to Defendant Biwin Technology, LTD, permitting Biwin to use that intellectual property to manufacture and sell SD memory cards for digital cameras and related devices. ECF No. 64, Fourth Amended Complaint, ¶¶ 11-13, 15. The agreement required Biwin to make accurate quarterly sales reports and pay Plaintiff a set royalty rate on Biwin's SD card sales. Id.

After Plaintiff discovered that Biwin's quarterly submissions to Plaintiff significantly underreported its sales of SD cards, Plaintiff terminated its license agreement with Biwin. Id., ¶¶ 20-26, 28. Biwin's alter ego, Wintek Enterprises, LTD, then approached Plaintiff, did not inform Plaintiff of its relationship with Biwin, and sought a licensing agreement, which Plaintiff agreed

---

[1] A more extensive recitation of the facts of this case can be found in Judge Grewal's Order Granting Motion for Summary Judgment as to Company Defendants and Reassigning Case with Report and Recommendation that Summary Judgment Be Granted as to Individual Defendants ("Judge Grewal's Order"), ECF No. 114.

1   to. Id., ¶ 38. Later, Plaintiff discovered that Biwin was still claiming to produce SD cards
2   pursuant to a valid license agreement with Plaintiff. Id., ¶ 35.

3        Plaintiff brought this action on January 25, 2012, alleging breach of contract, fraud, and
4   trademark claims against Defendants Biwin and Wintek. See ECF No. 1. The action was initially
5   assigned to Magistrate Judge Paul S. Grewal. In September 2012, Plaintiff served Wintek and
6   Biwin, both of which answered Plaintiff's third amended complaint. See ECF Nos. 26, 28. Until
7   July 2013, Biwin and Wintek defended this lawsuit. See id. At that time, Plaintiff filed its fourth
8   amended complaint, adding the Individual Defendants, owners of Biwin and Wintek, as
9   defendants. See ECF No. 64, ¶¶ 5, 6, 7, 8, 55. Service was effective on the Individual Defendants
10  in June and August 2014. See ECF Nos. 100, 101, 102, 103.

11       On December 4, 2014, Plaintiff moved for summary judgment as to all claims against all
12  defendants. See ECF No. 104. Judge Grewal granted Plaintiff's motion for summary judgment as
13  to Biwin and Wintek. ECF No. 114. But because the Individual Defendants never appeared in the
14  action and thus did not consent to Judge Grewal's jurisdiction, Judge Grewal issued a report and
15  recommendation as to the Individual Defendants, and ordered that the case be reassigned to a
16  district judge. Id. The case was then reassigned to the undersigned. ECF No. 116.

17       On April 1, 2015, this Court ordered Plaintiff to seek default against the Individual
18  Defendants. ECF No. 117. Plaintiff sought entry of default on April 3, 2015, ECF No. 118, which
19  the Clerk of the Court granted, ECF No. 119. On April 22, 2015, Plaintiff filed this Motion for
20  Default Judgment as to the Individual Defendants. ECF No. 122.

21  **II.   LEGAL STANDARD**

22       Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a default judgment
23  "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or
24  otherwise defend . . . ." A district court has discretion in deciding whether to grant an application
25  for default judgment. Aldabe v. Aldabe, 616 F. 2d 1089, 1092 (9th Cir. 1980). In the Ninth
26  Circuit, a court weighs seven factors to determine whether it should enter default judgment:

27           (1) the possibility of prejudice to the plaintiff, (2) the merits of
           plaintiff's substantive claim, (3) the sufficiency of the complaint,
28           (4) the sum of money at stake in the action; (5) the possibility of a

United States District Court
Northern District of California

> dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). As the Eitel court explained, the starting point in the analysis "is the general rule that default judgments are ordinarily disfavored." Id. at 1472. In this analysis, the court takes the well-pleaded allegations in the complaint as true, with the exception of the allegations as to the amount of damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

### III.  DISCUSSION

Although "[c]ases should be decided upon their merits whenever reasonably possible," Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986), it is not practicable, or perhaps even possible, to do so here, because the Individual Defendants have not answered the complaint. Thus, while default judgments are disfavored, Federal Rule of Civil Procedure 55(b) permits the Court to enter default judgment in an appropriate case. See, e.g., PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This is an appropriate case.

Specifically, the Court finds that, despite this case having been filed more than three years ago, see ECF No. 1, the Individual Defendants have never appeared or participated in the action. Not only were they served, but The Court can only assume that Individual Defendants had the ability to appear in the action, and were well aware of its existence, because the companies they own did appear and litigate the action for some time. Because Individual Defendants have refused to litigate this action, they have prevented the Court from deciding the case on the merits. See id. Accordingly, the Court does not find that the aforementioned policies weigh against entry of default judgment.

Turning to the remaining factors under Eitel, the court finds that Plaintiff will be prejudiced if the Court does not enter default judgment. If the Court does not enter judgment, Plaintiffs will likely be without other recourse for recovery. See PepsiCo, 238 F. Supp. 2d at 1177. This factor weighs in favor of a default judgment against Individual Defendants.

The next two factors—the merits of Plaintiff's substantive claim and the sufficiency of the complaint—are often analyzed in tandem. See Richmond Bay Marina, LLC v. The Vessel

"Relax", No. C 13-02978 MEJ, 2013 WL 6699976, at *5 (N.D. Cal. Dec. 19, 2013).  "In order for these factors to weigh in Plaintiff's favor, Plaintiff must assert claims upon which it may recover." Id. (citing PepsiCo, 238 F. Supp. 2d at 1175); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).  Here, Plaintiff has asserted the following claims: (1) breach of contract, (2) trademark infringement and counterfeiting, (3) unfair competition, and (4) fraud.

To successfully bring a breach of contract claim, a plaintiff must plead: the existence of a contract; the plaintiff's performance or excuse for nonperformance of that contract; the defendant's breach; and damages.  See Walsh v. W. Valley Mission Cmty. Coll. Dist., 66 Cal App. 4th 1532, 1545 (1998).  Here, Plaintiff has alleged that contracts existed between it and Biwin and Wintek, ECF No. 64, ¶¶ 13, 14, that Plaintiff performed by supplying SD cards, id., ¶ 40, that Biwin and Wintek failed to perform material contractual obligations, id., ¶¶ 67, 74, and damages, id., ¶¶ 68, 75; see also Judge Grewal's Order at 6.  Plaintiff has also adequately alleged the elements of its claims for: (1) trademark infringement, ECF No. 64, ¶¶ 91-98; see 15 U.S.C. § 1114(1)(a); (2) trademark counterfeiting, ECF No. 64, ¶¶ 99-103; see 15 U.S.C. § 1114(1)(b); (3) unfair competition, ECF No. 64, ¶¶ 110-15; see Cal. Bus. & Prof. Code ¶ 17200; and (4) fraud claims, ECF No. 64, ¶¶ 76-89; see Aqua-Lung Am., Inc. v. Am. Underwater Prods., Inc., 709 F. Supp. 2d 773, 786 (N.D. Cal. 2010) (explaining elements of a fraud claim under California law). Plaintiff has also alleged that the Individual Defendants have used Biwin and Wintek as their alter egos.  Id., ¶¶ 55, 56, 57, 58, 59, 60, 61; see Guifu Li v. A Perfect Day Franchise, Inc., 281 F.R.D. 373, 402 (N.D. Cal. 2012) (discussing alter ego liability).  Under an alter ego theory, Individual Defendants are liable for the torts that Plaintiff has alleged against Biwin and Wintek.  See Judge Grewal's Order at 10-12.

In light of the foregoing, the Court finds that the merits of Plaintiff's claims and the sufficiency of the complaint weigh in favor of entry of default judgment against the Individual Defendants.

The fifth Eitel factor is the sum of money at stake—here, $69,072,258.  See Judge Grewal's Order at 12-13.  Generally, this substantial sum weighs against a default judgment.  See Eitel, 782 F.3d 1472 (concluding that the district court did not abuse its discretion in declining to

enter default judgment where the plaintiff sought nearly $3 million in damages); Bd. of Trs. v. Core Concrete Constr., Inc., No. C 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) ("When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged.") (citing Eitel, 782 F.2d at 1472). But here, as explained more fully in Judge Grewal's Order, the alleged damages are sufficiently tailored to the particular misconduct that Plaintiff has alleged. See Judge Grewal's Order at 12-13. When the amount of alleged damages is substantial, yet is tailored to the defendant's particular misconduct, this factor does not weigh against the entry of default judgment. See Bd. of Trs. of Laborers of Health & Welfare Trust Fund for N. Cal. v. Torres, No. C-12-02633 DMR, 2014 WL 5692462, at *2 (N.D. Cal. Nov. 4, 2014) (citing Core Concrete, 2012 WL 380304, at *4). Accordingly, the Court finds that this factor is neutral to the entry of default judgment against Individual Defendants.

As for the possibility of disputed material facts, the Court notes that, for the purposes of this motion, the allegations in the complaint, with the exception of damages allegations, are taken as true. TeleVideo, 826 F.2d at 917-18. Indeed, "[u]pon defaulting, the defendant is 'deemed to have admitted all well-pleaded factual allegations' in the complaint." The Vessel "Relax", 2013 WL 6699976, at *6 (quoting DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 851 (9th Cir. 2007)). Thus, the only remaining dispute regarding material facts that could arise would be with respect to damages. But, as Judge Grewal carefully considered the damages evidence submitted in support of Plaintiff's motion for summary judgment, and the damages Plaintiff would seek from Individual Defendants would be the same as those Judge Grewal calculated in ruling on that motion, the Court finds little possibility of a dispute concerning the material facts. This factor weighs in favor of granting default judgment against the Individual Defendants.

The Court also finds that Individual Defendants' default was not due to excusable neglect. Here, Individual Defendants were served in June and August 2014. ECF Nos. 100, 101, 102, 103. Despite having been served, the Individual Defendants have never appeared in the action. See ECF Nos. 26, 28. Given the allegations in the complaint regarding the Individual Defendants' practice of creating "shell" companies, and Individual Defendants' deceptive behavior and evasive communications with Plaintiff, ECF No. 64, ¶¶ 21-28, 41-51, it is unlikely that the Individual

5

Defendants' actions can be attributed to excusable neglect. This factor weighs in favor of granting the motion for default judgment.

Weighing the Eitel factors, two of which are neutral to the entry of default judgment, and five of which weigh in favor of granting Plaintiff's motion and entering default judgment against the Individual Defendants, the Court finds that Plaintiff is entitled to default judgment.

## CONCLUSION

For the foregoing reasons, the Court hereby enters default judgment against the Individual Defendants, Sun Rixin, Zhou Zhengxian, Lu Wei, and Xu Linxian, and in favor of Plaintiff in the amount of $69,072,258.

The Court will enter Plaintiff's proposed form of judgment.

IT IS SO ORDERED.

Dated: May 22, 2015

_____
JON S. TIGAR
United States District Judge